Samuel M. Gold, J.
This is an article 78 proceeding by the landlord to review the determination of the State Bent Administrator which held that no professional lease adjustment was warranted in the proceeding herein.
The facts are not in dispute. The sole question involved is whether the Opinions Nos. 99 and 100 respecting dwelling and business use of an apartment are arbitrary and unreasonable, and contrary to law, and whether the decision ruling out and excepting professional writing from the professional occupations is founded on a standard of reason or justice.
Section 13 of the State Bent and Eviction Begulations which is concerned with commercial leases was enacted, effective May 1, 1955. It affects housing accommodations rented for professional or commercial use and requires the approval of the State Bent Administrator.
The purpose of such regulation was to safeguard against the evasion or circumvention of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.) or the State Bent and Eviction Begulations. Prior thereto and under Opinion No. 99, the Administrator stated that where a professional writer does his writing in his home it is deemed housing accommodations and subject to regulations since there is lacking the element of use by people who come to consult the tenant in his professional capacity and pay fees therefor.
Under Opinion No. 100, if a tenant who uses an apartment for residential purposes, subsequently commences to use the housing accommodations for mixed residential and professional purposes and derives some income from this usage, the landlord is entitled to an adjustment pursuant to subdivision 1 of section 33 of the State Bent and Eviction Begulations.
Although made before enactment of section 13 of the rent regulations, such regulation did not overrule such opinions and they may still be followed in the interpretation of said section.
Where there is warrant in the record and a reasonable basis in the law, the determination should not be disturbed (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1).
Accordingly, the application is denied and the petition is dismissed.